Han Shu (Cal. Bar No. 326146)
Law Office of Han Shu Inc.
22800 Savi Ranch Pkwy, Ste 219
Yorba Linda, CA 92887
Telephone: (909) 315-1117
Facsimile: (209) 800-0699
Email: info@hanshulaw.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LUYAO PAN, an individual and DAN WANG, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, <br><br> JENNIFER HIGGINS, ACTING DIRECTOR OF UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; <br><br> ALISSA EMMEL, CHIEF OF IMMIGRANT INVESTOR PROGRAM OFFICE <br><br> Defendants. | Case No.: 2:25-cv-00549 <br><br> **PLAINTIFFS' COMPLAINT FOR MANDAMUS, INJUNCTIVE AND DECLARATION RELIEF** |

PLAINTIFFS' COMPLAINT FOR MANDAMUS,          CASE NO.: 2:25-CV-00549
INJUNCTIVE AND DECLARATION RELIEF

1

# **INTRODUCTION**

1.     Plaintiffs Luyao Pan ("Mr. Pan") and Dan Wang ("Ms. Wang") bring this action under the Mandamus Act, 28 U.S.C. § 1361, and Administrative Procedure Act, 5 U.S.C. § 706(1) to compel Defendants to adjudicate Mr. Pan's I-829 petition, which has been pending with Defendant United States Citizenship and Immigration Services (hereinafter "USCIS") for approximately four years and ten months, since March 20, 2020. This delay is unreasonable.

2.     Mr. Pan, an entrepreneur, is the petitioner of the I-829 petition at issue. His wife, Ms. Wang, is also the beneficiary of the petition.

3.     On March 31, 2018, Mr. Pan and his wife obtained their conditional legal permanent resident status by investing $500,000 in the EB-5 investment program. Mr. Pan's alien registration number is A208-673-157, and Ms. Wang's alien registration number is A066-116-643.

4.     Approximately two years later, after creating the statutorily required employment opportunities through the EB-5 investment, Mr. Pan filed I-829 petitions for himself and Ms. Wang with USCIS on March 20, 2020, to remove the conditions on their permanent resident status.

5.     On March 25, 2020, after receiving Mr. Pan's petition and accepting his filing fee, USCIS issued him a receipt notice with case number WAC2014550023

listing Ms. Wang as the I-829 petition derivative beneficiary. On December 6, 2021, USCIS issued Mr. Pan another receipt notice with case number WAC2090083860, listing himself as the I-829 beneficiary. Since then, Plaintiffs have not received any further notices from USCIS.

6. On May 25, 2022, after serving in the U.S. military, Mr. Pan became a naturalized U.S. Citizen (Certificate No. 43643166). However, his I-829 petition, which lists Ms. Wang as the derivative beneficiary, remains pending.

7. The plaintiffs have communicated with the USCIS multiple times regarding the status of Mr. Pan's petition, informed USCIS about Ms. Wang's exigent circumstances, and requested that USCIS expedite the adjudication of the petition. However, to date, USCIS has not adjudicated the petition.

8. Plaintiffs are being prejudiced by the undue delay. Plaintiffs now file this lawsuit seeking to compel USCIS to promptly adjudicate Mr. Pan's I-829 petition.

## JURISDICTION

9. Jurisdiction of the Court is predicated upon 28 U.S.C. § 1331 (federal question) and 28 U.S.C. §1361 (Mandamus Act). The Court may grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201-2202, 5 U.S.C. § 701 et seq., §702, §706(1), and §555(b) regarding an action to compel an officer of the United States to perform his/her duty owed to the plaintiff.

## VENUE

10. Venue is proper in this District under 28 U.S.C. § 1391(e). This is an action against officers and agencies of the United States in their official capacities, brought in the district where Defendants reside, Plaintiffs reside, and a substantial part of the events or omissions give rise to the claim that occurred.

## PARTIES

11. Plaintiff Luyao Pan is a U.S. citizen, who is the petitioner in the petition at issue in this case. He currently resides in Arcadia, Los Angeles County, California.

12. Plaintiff Dan Wang is a Chinese citizen, who is the beneficiary in the petition at issue in this case. Same as her husband, she also resides in Arcadia, Los Angeles County, California.

13. Defendant United States Citizenship and Immigration Services ("USCIS") is the component of the federal government within the United States Department of Homeland Security and is responsible for adjudicating all I-829 petitions. Mr. Pan's petition is pending with USCIS's California Service Center.

14. Defendant Jennifer Higgins is the Director of USCIS and is sued in her official capacity. In this capacity, Ms. Higgins has the ultimate responsibility to ensure that all I-829 petitions are timely and lawfully adjudicated.

15.     Defendant Alissa Emmel is the Chief of the Immigrant Investor Program Office and is sued in her official capacity. In this capacity, Alissa Emmel has direct responsibility to adjudicate Mr. Pan's I-829 petition and ensure it is adjudicated in a timely and lawful manner.

## STATUTORY AND REGULATORY BACKGROUND

16.     In 1990, Congress amended the Immigration and Nationality Act of 1965, allocating, inter alia, 10,000 immigrant visas per year to foreign nationals seeking Lawful Permanent Resident ("LPR") status on the basis of their capital investments in the United States. *See* generally the Immigration Act of 1990, Pub. L. No. 101-649, §121(b)(5), 104 Stat. 4978 (1990) (codified at 8 U.S.C. §1153(b)(5)). Pursuant to the so-called "immigrant Investor Program", foreign national may be eligible for an employment-based, fifth preference ("EB-5) immigrant visa if they have invested, or are actively in the process of investing, $1million (or $500,00 in a high unemployment or rural area) in a qualifying New Commercial Enterprise ("NCE"), and that investment results in the creation of at least ten jobs for U.S. works. See 8 U.S.C. §1153(b)(5)(A)-(D); *see also* 8 C.F.R. § 204.6(a)-(j). (The investment amount has been adjusted to $1.05 million or $800,000 in a high unemployment or rural area since March 2022.)

17.     The EB-5 regulations further provided that, in order to qualify as an "investment" in the EB-5 Program, foreign national must actually place their capital "at risk" for the purpose of generating a return, and that the mere intent to invest is not sufficient. *See* 8 C.F.R. §204.6(j)(2). The purpose of this program was to promote foreign direct investment into, and job creation within, the U.S.

18.     In 1993, Congress created the Immigrant Investor Pilot Program ("Pilot Program") through the enactment of various provisions of section 610 of the Department of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriation Act. *See* Pub. L. No. 102-395, § 601, 106 Stat. 1828, 1874 (1992). The Pilot Program allows foreign investors who invest in NCEs affiliated with USCIS (formerly known as INS) designated regional centers to meet the 10-jobs-per investor by counting indirect jobs – i.e. jobs that created outside of the NCE. Further, in addition to not being restricted to only counting employees of the NCE, investors under the Pilot Program area allowed to sue any valid statistical forecasting model to demonstrate job creation. *See* § 601(a)-(c) of Pub. L. No. 102-395; *see also* 8 C.F.R. §204.6€, (j)(4)(iii), (m)(7)(ii). The intent of these reforms was, again, to incentivize and promote foreign investment into, and job creation within, the U.S.

19.     In order to become an LPR through both the standard and regional center-model program, a foreign national must initially file with USCIS a Form I-526,

PLAINTIFFS' COMPLAINT FOR MANDAMUS,          CASE NO.: 2:25-CV-00549
INJUNCTIVE AND DECLARATION RELIEF

Immigrant Petition by Alien Entrepreneur, which, if approved, makes the foreign national eligible to receive an employment-based, fifth preference immigrant visa, *see* generally 8 U.S.C. § 1153(b)(5). Upon approval of the I-526 Petition, the foreign national must file a Form I-485, Application to Adjust Status (if he or she is located in the United States), or a Form DS-260, Application for Immigrant Visa and Alien Registration (if he or she is located outside the United States). *See* U.S.C. § 1201 (provisions relating to the issuance of entry documents); 8 U.S.C. § 1255 (provisions relating to adjustment of status). Upon adjustment of status or admission on an EB-5 immigrant visa, the foreign national is granted two-years of conditional permanent resident status, provided that the foreign national is not otherwise ineligible for admission into the United States. *See generally* 8 U.S.C. § 1182 (provisions relating to excludable aliens). Finally, at the conclusion of the two-year conditional period, the foreign national must file Form I-829, Petition to Remove the Conditions on his or her LPR status. If the foreign national has fulfilled the EB-5 requirements, then the conditions will be removed and the foreign national will be an unconditional LPR. *See generally* 8 U.S.C. § 1186(b) (provisions relating to conditional permanent resident status for certain alien entrepreneurs, spouses, and children).

20.     An EB-5 investor must maintain his or her investment at risk until the end of the two-year conditional residence period. This period does not begin to run until

| PLAINTIFFS' COMPLAINT FOR MANDAMUS, INJUNCTIVE AND DECLARATION RELIEF | CASE NO.: 2:25-CV-00549 |
|---|---|

7

the investor enters the U.S. with an EB-5 visa or is granted an Adjustment of Status by USCIS while in the U.S.

## FACTUAL ALLEGATIONS

21. Mr. Pan is now a citizen of United States, while Ms. Wang remains a citizen of the People's Republic of China.

22. After investing $500,000 into the NCE, Plaintiffs obtained their conditional permanent resident status on March 31, 2018, and have lived in the United States since then.

23. About two years later, on March 20, 2020, Mr. Pan filed the I-829 petition with USCIS to remove the conditions on plaintiffs' permanent resident status. This filing was made after the statutorily required job opportunities were created outside of the NCE as a result of Mr. Pan's EB-5 investment.

24. On March 25, 2020, after receiving Mr. Pan's petition and accepting his filing fee, USCIS issued Mr. Pan and his wife receipt notices and assigned them WAC2014550023 as the I-829 case receipt number.

25. Since then, Plaintiffs have not received any further notice from USCIS regarding Mr. Pan's I-829 petition.

26. Although Mr. Pan has been naturalized as a U.S. citizen, Ms. Wang, as the derivative beneficiary, has been adversely affected by the delayed adjudication of Mr. Pan's I-829 petition.

27. On January 15, 2025, Plaintiffs filed a case inquiry to USCIS via USCIS' website case inquiry system. The case inquiry identification number was SR10152504527IIP. However, by the time Plaintiffs file this complaint, they have not received a response from the USCIS.

28. To date, USCIS has not provided any explanation to Plaintiffs regarding why their case has not been scheduled for an interview and adjudicated for nearly five years. In addition, USCIS did not provide any reason why Mr. Pan's I-829 has not been adjudicated for approximately five years.

29. This delay has caused significant hardship for Plaintiffs. Since USCIS has not yet removed the conditions on Ms. Wang's permanent resident status, she faces the risk of losing her job and numerous opportunities.

## EXHAUSTION OF REMEDIES

30. Plaintiffs have exhausted all administrative remedies and there are no further administrative acts that Plaintiffs can take to obtain the benefits to which they are entitled.

31. As of the time that Plaintiffs filed this complaint, USCIS is still refusing to adjudicate Mr. Pan's I-829 petition.

## CAUSES OF ACTION

### COUNT I

**(Violation of Mandamus, 28 U.S.C. § 1361)**

32. Plaintiffs re-allege and incorporate by reference, as if fully set forth herein, the allegations in paragraphs 1-31 above.

33. Mandamus is available to compel a federal official or agency to perform a duty if: (1) there is a clear right to the relief requested; (2) defendants have a clear, non-discretionary duty to act; and (3) there is no other adequate remedy available. See 28 U.S.C. § 1361.

34. Plaintiffs fall within the zone of interests protected by 8 U.S.C. §1153(b). Defendants have a nondiscretionary duty to adjudicate Mr. Pan's I-829 petition, which Defendants have failed to so for approximately five (5) years.

35. In addition, Defendants' duty to adjudicate this application is based on the receipt of the filing fees to cover the cost of adjudicating applications. As Congress intended that USCIS charges petition fees to cover its operating costs, USCIS set a mandatory filing fee for I-829 petitions. In March 2020, Defendants charged and accepted Mr. Pan's $3,920 as the I-829 filing fee when Mr. Pan filed the I-829

petition, but failed to adjudicate. This mandatory fee has created a clear duty for USCIS to adjudicate the I-829 petition.

36. This breaching of Defendants' duty is ongoing and has no foreseeable conclusion, despite all reasonable efforts by Plaintiffs.

37. This delay is harming Plaintiffs. Therefore, Plaintiffs are entitled to relief in the nature of mandamus pursuant to 28 U.S.C. § 1361 to compel Defendants to timely process and adjudicate the I-829 petition.

## COUNT II

**(Violation of Administrative Procedure Act, 5. U.S.C. § 706(1))**

38. Plaintiffs re-allege and incorporate by reference, as if fully set forth herein, the allegations in paragraphs 1-31 above.

39. Under the APA, federal agencies, including Defendants USCIS, are required to conclude matters presented to them "within a reasonable time." 5 U.S.C. §555(b). The APA further provides that the federal court "shall… compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1).

40. Defendants have a nondiscretionary duty to adjudicate Mr. Pan's I-829 petition pursuant to the INA and governing regulations at 8 C.F.R. § 204.6.

41. Pursuant to 5 U.S.C. § 555(b), *"[w]ith due regard for the convenience and necessity of the parties or their representatives and within a **reasonable time**, each*

PLAINTIFFS' COMPLAINT FOR MANDAMUS,            CASE NO.: 2:25-CV-00549
INJUNCTIVE AND DECLARATION RELIEF

11

*agency shall proceed to conclude a matter presented to it."* (Emphasis added) A court *"shall compel agency action unlawfully withheld or unreasonably delayed."* 5 U.S.C. § 706(1). Agency action includes an agency's failure to act. 5 U.S.C. § 551(13).

42. Defendant USCIS is an administrative agency subject to 5 U.S.C. § 555(b) Except under very specific provisions of law that are not applicable here, Defendants lack the legal authority or discretion to abstain from processing petitions for immigration benefits.

43. Defendants have failed to take action to review and complete the adjudication of Mr. Pan's I-829 petition for approximately five years.

44. Because Defendants have a ministerial duty under the law to adjudicate Plaintiffs' petition within a reasonable time, and have failed, or refused, to do so, a Writ of Mandamus is proper to compel Defendants to perform their duty to adjudicate Mr. Pan's petition to avoid further harm to Plaintiffs.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs respectfully requests the Court to grant the following relief:

    A. Assume jurisdiction over this action;

    B. Issue a writ of mandamus ordering Defendants to adjudicate Mr. Pan's I-829 petition within a reasonable period of time;

PLAINTIFFS' COMPLAINT FOR MANDAMUS,    CASE NO.: 2:25-CV-00549
INJUNCTIVE AND DECLARATION RELIEF

C. Retain jurisdiction during the adjudication of the petition in order to ensure compliance with the Court's order;

D. Declare Defendants' delayed adjudication of Mr. Pan's I-829 petition unreasonable under the APA;

E. Award reasonable costs and attorney's fee under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), and 5 U.S.C. § 504, and;

F. Grant any further relief as the Court may deem just, equitable, and proper.

Dated: January 22, 2025.

                                                    /s/ *Han Shu*
Han Shu (CA #326146)
Law Office of Han Shu Inc.
22800 Savi Ranch Pkwy, Ste 219
Yorba Linda, CA 92887
Email: info@hanshulaw.com
Telephone: (909)315-1117

Counsel for Plaintiff Luyao Pan
And Plaintiff Dan Wang